IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY JEROME REED, § § Petitioner, § § V. § § WILLIAM STEPHENS, Director § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | No. 3:13-cv-1236-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Troy Jerome Reed, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

Petitioner was charged with burglary of a habitation with intent to commit criminal mischief, enhanced by two prior felony convictions, by a Dallas County grand jury. Petitioner entered an open plea of guilty to the offense and was sentenced to 25 years imprisonment. Petitioner did not file a direct appeal. Instead, he filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *See Ex parte Reed*, WR-78,694-01 (Tex. Crim. App. Jan. 16, 2013).

Petitioner then filed this action in federal district court. In three grounds for

relief, Petitioner contends that he received ineffective assistance of counsel because his defense attorney coerced him to waive his right to a jury trial and plead true to the two enhancement paragraphs, failed to file any pretrial motions, abandoned his legal plan, refused to obtain a "mental health lawyer," labored under a conflict of interest, and improperly advised him to enter an open guilty plea.

**Legal Standards**

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

>  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
>  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by

clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

[B]ecause of the risk that hindsight bias will cloud a court's review of

> counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689), *cert. denied,* 133 S.Ct. 1584 (2013).

And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 131 S. Ct. at 792.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). That is, a petitioner must prove both deficient performance and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Finally, where, as here, the state court adjudicated an ineffective-assistance claim on the merits, this Court must review Petitioner's claim under the doubly deferential standards of both *Strickland* and Section 2254(d). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard," it is "whether the state court's application of the

*Strickland* standard was unreasonable." *Harrington,* 131 S. Ct. at 785.

## Analysis

<u>Allegedly Involuntary Guilty Plea</u>

Petitioner claims that his attorney was ineffective because he coerced Petitioner to enter an open plea, waive his rights to a jury trial, and enter a plea of true to the enhancement paragraphs. A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Prior to trial, Petitioner agreed to plead guilty to burglary of a habitation with intent to commit criminal mischief, enhanced by two prior felony convictions. *See* Dkt.

No. 11-1 at 2-5. Petitioner, his attorney, and the prosecutor signed a written plea agreement, judicial confession, and stipulation of evidence. *See id.* at 5; *see also* Dkt. No. 8-2 at 41-43. The plea agreement disclosed that the range of punishment for burglary of a habitation, a first degree felony enhanced by prior felony convictions of unlawful restraint and burglary of a building, was between 25 and 99 years, or life, in prison, and a fine not to exceed $10,000. *See* Dkt. No. 11-1 at 3. As part of the plea agreement, Petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a speedy trial, and his privilege against self-incrimination. *See id.* at 3-4.

By signing the plea agreement, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 5. The judicial confession also contained an express waiver of "the appearance, confrontation and cross-examination of witnesses" and stipulation to the facts supporting his conviction. Dkt. No. 8-2 at 41. In his stipulation of evidence, Petitioner confirmed that he wished to "freely and voluntarily waive the right to confront and cross-examine" the witness who would establish the felony convictions contained in the two enhancement paragraphs. *Id.* at 42. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption

of regularity and are accorded great evidentiary weight").

In an attempt to overcome this presumption, Petitioner asserts that his open plea, waiver of jury trial, and plea to the enhancement paragraphs were "coerced," conducted by counsel without his consent, and were the result of "erroneous advice." Dkt. No. 3 at 5-6, 10-11. However, Petitioner does not explain how he was coerced or elaborate upon the "erroneous advice" that allegedly led him to plead guilty. The record is also clear that Petitioner personally entered an open guilty plea, waived his rights, and admitted the facts supporting his conviction and the two enhancement paragraphs. *See* Dkt. No. 8-1 at 37-43.

On state habeas review, the trial court rejected Petitioner's claims suggesting an involuntary guilty plea. Quoting an affidavit by Petitioner's defense attorney, L. Charles Humphreys, whom the judge found to be "a credible person," the state habeas court indicated that "the decision to plead guilty and go open to the court for punishment was the result of consultations with [Petitioner]. During these consultations, the consequences of his plea were fully explained to [Petitioner] and the decision to plead guilty was both knowingly and voluntarily made." Dkt. No. 8-2 at 31. Accordingly, that court concluded that "[Petitioner]'s claim that his plea was involuntary fails." *Id.* at 32.

Petitioner's conclusory allegations that his plea was involuntary fail to rebut the state habeas court's findings and do not establish eligibility for habeas relief. *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983). Accordingly, this claim should be denied.

Inadequate Pretrial Preparation

Petitioner alleges that his attorney was ineffective because he failed to file any pretrial motions; he, during the open plea hearing, "abandoned the legal plan that was initiated"; and he refused to obtain a "mental health lawyer" as requested. Dkt. No. 3 at 5, 10-11.

Claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *see also Tollett v. Henderson,* 411 U.S. 258, 265-66 (1973). Petitioner's basic allegations – that his lawyer should have taken further steps to investigate his case and establish his mental health problems or drug relapse – do not implicate the voluntariness of his plea. Accordingly, they are barred from habeas review. *See Smith,* 711 F.2d at 682 (claims of ineffective assistance based on alleged failure to review evidence, failure to investigate witnesses or the legality of petitioner's arrest, and failure to find "holes" in prosecution case were non-jurisdictional and waived by valid guilty plea)*; see also, e.g.*, *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *3 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [Petitioner] complains that he is innocent of the charged offense..., that there was insufficient evidence to support his conviction, and that trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea." (citing *United States v. Broce,* 488 U.S. 563, 573-74 (1989));

*Speed v. United States*, 441 F.2d 1106, 1107 (5th Cir. 1971) (claim that petitioner was insane at the time of the offense is essentially a defense to the merits of the prosecution and is therefore waived by a valid guilty plea).

In addition, the state habeas court found the challenges to defense counsel's pre-plea conduct to be without merit. That court found that, with regard to his claims regarding a "mental health lawyer," Petitioner "utterly fails to state a claim as to why Humphreys was not able to adequately assist him." Dkt. No. 8-2 at 31. The court further determined that defense counsel "followed the proposed strategy of admitting guilt and seeking probation and drug treatment exactly in the manner contemplated by [Petitioner]." *Id.* at 31-32. Therefore, that court found that Petitioner did not establish that his lawyer was prejudicially ineffective under *Strickland*. *See id.* at 32.

Petitioner has not established that this determination was unreasonable. He does not allege nor prove that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill,* 474 U.S. at 59.

Conflict of Interest

Finally, Petitioner claims that his attorney labored under a conflict of interest. He claims that,

> [Humphreys] was elaborating with previously dismissed counsel on my case being that he was working with the District Attorney and complainant. He also stated that he has known the judge for nearly twenty years and that may have hurt my chances of receiving the rehabilitative help that I requested and needed.

Dkt. No. 3 at 11; *see also id.* at 6 ("Prior to my open plea hearing, Mr. Humphreys was

elaborating with attorney Sherrod Williams that was removed from my case because I believe that he was working with the District Attorney. He gave me erroneous advice in order for me to go to an open plea."). To obtain habeas relief on this ground, a petitioner must show that his attorney was burdened by an actual conflict of interest and that the conflict had some adverse effect on his defense strategy. *See Hernandez v. Johnson,* 108 F.3d 554, 559-60 (5th Cir. 1997); *see also Harris v. Quarterman,* Nos. 3:06-cv-1309-B & 3:06-cv-1449-B, 2008 WL 508665, at *6 (N.D. Tex. Feb. 26, 2008) (citing *Harms v. Quarterman,* No. C-06-00440, 2007 WL 1256616, at *13 (S.D. Tex. Apr. 30, 2007) ("[t]hat defense counsel was a former Assistant District Attorney, where he worked with the prosecutor who tried this case, does not give rise to an actual conflict of interest")). Petitioner provides no evidence to support his conclusory assertion that Humphreys labored under any conflict of interest, nor does he establish that his representation was adversely effected. Accordingly, the claim should be denied.

Petitioner has failed to establish that the state habeas court's denial of his claims of ineffective assistance of counsel was unreasonable by showing that his defense attorney was deficient or that he was denied any other constitutional rights with regard to his conviction or sentence. Accordingly, Petitioner's Section 2254 petition should be denied.

**Recommendation**

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE